WILLIAM D. HUTTON
vs.
KATHLEEN N. CANDEE, ET AL.

Superior Court      Fairfield County      File #47194

Fennel & Diminstein,      Attorneys for the Plaintiff.

Nehemiah Candee,
Mark C. Candee,      Attorneys for the Defendants.

Present: Hon. FRANK P. McEVOY, Judge.

MEMORANDUM FILED DECEMBER 6, 1935.

McEVOY, J.   An examination of the file in this case shows that a great deal of time has been spent by counsel in filing dilatory pleas and in their claim and argument.

This has, in consequence, required a great deal of time of the Court, through its various Judges, in determining these dilatory matters.

Upon the argument of the present motion, it was earnestly claimed by the attorney for the defendants that other actions were pending in the State of New York respecting the subject matter of the present action, and, due to the alleged conflict between the laws of the State of New York and the State of Connecticut, the defendants were in serious danger of having judgments entered against them upon the same cause of action, for which they might, in the two jurisdictions, be liable, and be required to pay for the same debt or obligation more than once.

Without expressing any opinion as to the accuracy of these suggestions, it seems requisite to observe that the practice and intent of our Connecticut Practice Act is to so definitely define the issues raised that they may be the subject of a definite ascertainment and adjudication.

In this day of pleading, it ought not be difficult to definitely define issues so that not only the litigants—but the Court as well—might be fairly informed as to the nature and extent of the dispute between the litigants.

The motion for more specific statement is made up of twenty-four paragraphs.

Prima facie, some of the requests in these paragraphs seem to be unnecessary.

In view of the nature of the suggestions made in the argument upon this motion, it would appear that the defendants seriously claim, unless the claims of the plaintiff are set out precisely and definitely, that they will, or may be, subjected to a double hazard.

The granting of this motion may impose an unusual burden upon the plaintiff, but it may also well be that, by the imposition of this burden at the present time, the litigants, and the Court as well, may eventually be saved delay and confusion.

All of the paragraphs of the motion to make more specific are granted, and it would seem to be in order that the complaint be redrafted, and that the required information be set forth, specifically, in each count, as requested.

An order may be entered that the more specific statement, as prayed for by motion filed May 9th, 1935, be granted, and that it be filed within two weeks from this date.

The very fact that this motion has been pending since May 9th, 1935 is an augury of the confused condition in which these litigants might later be placed, unless prompt and immediate action be taken with a view to the requirement that the parties plead specifically—and as promptly as possible.